## RANKIN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6109.

Circuit Court of Appeals, Third Circuit.

June 17, 1936.

John W. Townsend, of Washington, D. C., for petitioner.

Berryman Green, Sp. Asst. to Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This is a second review raising precisely the same question before raised. It concerns the proper assessment of income taxes and the propriety of the determination of a deficiency tax found by the Commissioner and the United States Board of Tax Appeals in the sum of $11,173.05 for the year 1928.

The question raised grows out of the finding of gain on the sale in 1928 of 1,300 shares of U. G. I. Company stock. Gains made through the purchase and sale of shares of stock are of course income. What the gain has been is measured by the difference between the price at which sold and what was paid for it. When the shares bought and sold are identified by certificates no difficulty is presented, but when not so represented and the taxpayer owns shares bought in different lots, at different times, and at different prices, and only a part of his holding is sold, there is, except as next mentioned, no way of identifying the shares sold with any particular lot bought. The fact finder is perforce driven to some conventional method of making his finding. He usually has resort to a presumption which is really a regulation of the burden of proof. He might, in the case instanced, presume that the shares first sold were those first bought; or that they were those last bought; or that they were bought at the average price of all purchased. The presumption would not be absolute nor conclusive but, as we have said, a regulation of the burden of proof to yield to evidence of at what price the shares sold had in fact been bought. The board has adopted and carried into its regulations the so-called rule of "first in; first out." It has been settled for us that this is a lawful regulation of the burden of proof. It is called a "rule," and such it is, but it is not a rule of law or of logic but a rule of thumb to regulate the burden of proof. What is to be determined is a fact and the rule is an aid in its determination. If the evidence, however, discloses what the true fact is, the presumed fact yields to this and the rule is not applied; otherwise it is. This is the teaching of the case of Helvering v. Rankin, 295 U. S. 123, 55 S.Ct. 732, 79 L.Ed. 1343, and of Rankin v. Commissioner (C.C.A.) 73 F.(2d) 9.

The taxpayer made his return on the basis that the evidence identified the shares sold as those purchased in 1928. The commission and the board were of the opinion that the evidence did not identify the shares sold and hence applied the quoted rule and the presumed fact that the shares sold were those bought in 1926. This resulted in the determination of the $11,173.05. From this the tax-

payer appealed. The appeal was taken to the Supreme Court and the cause remanded to the board to make the indicated fact finding. See Helvering **v.** Rankin, supra.

There was in obedience to the mandate a rehearing, with the result that the case was heard upon the same evidence as before, and the board adhered to its former ruling, redetermining a like deficiency as before. An appeal was taken from this redetermination and is the review now before us. The familiar classification of facts into evidentiary and ultimate facts is here of some help. The board upon the rehearing made no specific fact findings, either evidentiary or ultimate. This was doubtless due to the circumstance that following the first hearing all the evidentiary facts had been specifically found, and as there was no difference in the testimony or other evidence upon the rehearing a repetition of these findings was unnecessary.

██ Accepting these evidentiary findings as made and omitting the purely formal ones and eliminating all coloring matter they are as follows:

1. The taxpayer in 1926 bought 1,200 shares of U. G. I. stock with moneys which he had received from his father.

2. Because of this the taxpayer told his broker that these shares had to him a sentimental value and were not to be sold but held by him.

3. Afterwards he acquired other shares, 300 of which were stock dividend shares and 1,000 were purchased in 1928 in different lots and at different prices.

4. In 1928 he directed the sale of 1,300 shares without any direction at the time of what shares.

5. None of the shares were identifiable by certificates but had been bought and were held on secured margin.

The board, as we have said, made no specific fact findings, but did make what may be viewed as general findings, as follows: "Quite clearly in this case neither Turner (the taxpayer) nor Rankin (his attorney and agent acting for him) designated at the time of the sale the securities to be sold as those purchased on a particular date or at a particular price. We are further of opinion that the evidence does not warrant a finding that the instructions given by Rankin to the broker in the early part of 1928 amounted to anything more than a communication to the broker of an intention on the part of Turner to continue his long position in the U. G. I. stock to the extent of 1200 shares."

The difference between the taxpayer and the board is that the former reaches the conclusion that the shares directed to be sold were designated and identified as the shares purchased in 1928; the latter views the direction given as merely the declaration of an intention to retain 1,200 shares indifferent as to what shares and without identifying the shares to be sold. This difference the Supreme Court characterized as "obviously vital."

The view of the board, whether called an expression of opinion or the statement of a conclusion, or, if the expression be preferred, an ultimate fact finding, has in it all the elements of a conclusion of law. Under the evidentiary facts as found, the board concludes that the "first in; first out" rule applies. This is a conclusion of law. The board agrees to the proposition, which is an undisputed one, that if the evidence indicates what shares were sold, the rule does not apply. In reaching the conclusion at which the board arrived, its attention was directed solely to the feature, which it emphasizes, that at the time the sale was directed the shares to be sold were not identified. This overlooks the important, and as it seems to us controlling, feature that the designation of what shares were not to be sold was a designation and identification of what were to be sold. The taxpayer owned 2,500 shares. Of these 1,200 had been bought in 1926 with his father's money. These he had directed were not to be sold. There were other shares bought in 1928. When therefore he directed 1,300 shares to be sold, as the 1,200 shares bought in 1926 were not to be sold, his direction was to sell the other stock bought in 1928. It follows that the evidence identifies the stock sold and the rule applied by the board is not applicable.

The determination of a deficiency tax and the order under review is reversed, and the record remanded for due procedure in accordance with this opinion.